COLLIN v. UNITED STATES.
Civil Action No. 4855.

District Court, N. D. Ohio, W. D.

June 12, 1944.

Merwyn G. Leatherman, Edwin Williams, and Williams, Eversman & Morgan, all of Toledo, Ohio, for plaintiff.

Donald C. Miller, U. S. Atty., of Cleveland, Ohio, Gerald P. Openlander, Asst. U. S. Atty., of Toledo, Ohio, Samuel O. Clark, Jr., Asst. Atty. Gen., and Harold D. Cohen and Andrew D. Sharpe, Sp. Assts. to Atty. Gen., for defendant.

KLOEB, District Judge.

Plaintiff, with others, operating as a partnership, purchased certain farm lands adjacent to the City of Toledo, Ohio, in the year 1923.

In the year 1924, plaintiff and his associates caused the northwest corner of the parcel of land lying north of the New York Central Railway tracks to be subdivided and platted and the plat therefor recorded. No further steps were taken to improve or to market the holdings. The record does not show that improvements such as sewage, water, sidewalks, streets, etc., were made in connection with the subdivided and platted portion lying in the northwest corner.

In the year 1930, that portion of the farm property north of the railway tracks, and not included in the platted addition, was sold and conveyed to plaintiff and his two remaining partners. These were the only sales of real estate ever made by the partnership from the original farm lands purchased, which was known as the Bush farm. It appears that this transaction involved the appropriation of certain choice parcels of the real estate by each of the three partners in exchange for proportional payments that they made on the note that was owing at the bank because of the original purchase.

In the year 1935, plaintiff quitclaimed to one of his partners, William H. Boshart, all of his interest in the partnership properties. He claims a loss for that year of $21,053.66 because of the real estate venture, and asks a refund of $3,617.14 for tax claimed to have been erroneously assessed and collected by the defendant from him.

It is plaintiff's position, first, that the assets in question were not capital assets within the meaning of Sec. 117(a) and (b), Revenue Act 1934, 26 U.S.C.A.Int.Rev. Acts, page 707, but that the assets were

property held by plaintiff primarily for sale to customers in the ordinary course of his (or the partnership's) trade or business; second, that there was no "sale or exchange" of a capital asset within the meaning of Sec. 117(a), but that the taxpayer had abandoned the asset and that, therefore, the loss is fully deductible.

It is the contention of the defendant that there was no abandonment by the taxpayer of his real estate holdings in the year 1935, but that the transaction involved the sale or exchange of a capital asset and that, therefore, the taxpayer was entitled only to 40% of the loss claimed, because the capital asset had been held for more than five years but not for more than ten years.

■ I cannot agree with the contention of the defendant that a taxpayer, because he might be primarily engaged in one line of business, say the brokerage business, is therefore precluded from engaging in some other line of business where the "property held by the taxpayer might be held primarily for sale to customers in the ordinary course of his trade or business." The trade or business engaged in might be such a trade or business as was undertaken by this partnership, of which the plaintiff taxpayer was a member.

While there is evidence that, at the inception of this original partnership, and at the time of purchase of these farm lands, the partnership harbored an intention to subdivide, plat into lots, improve and offer to the public generally the lots so created from the farm lands, yet the conduct of the parties from 1924 on to the time that the taxpayer divested himself of all interest in the partnership holdings indicates a lack of interest in such a method of procedure equivalent to an abandonment of the original idea.

■ I am of the opinion that, at the time the taxpayer divested himself of his interest by way of a quitclaim deed, and for at least ten years prior thereto, he was distinctly holding this property either for investment or speculation, and that he was not holding it primarily for sale to customers in the ordinary course of his trade or business. I am, therefore, of the opinion that it was a sale or exchange of a capital asset, and that he was properly limited to a 40% credit because of the losses sustained.

■ I am further of the opinion that there was no abandonment of this capital asset by the taxpayer in the year 1935. At that time the partnership holdings were of considerable value, despite the fact that the bank failures, commencing in 1931, had to a great extent paralyzed the real estate business. The taxpayer agrees that $20,000 would be, in his estimation, a very low valuation. In all probability, its actual value was considerably higher. The taxpayer quitclaimed all his right, title and interest in the remaining real estate to his partner, William H. Boshart, but it is clear from the record that, in return, William H. Boshart assumed and agreed to pay the balance on the note at the bank that was their indebtedness jointly, of the taxpayer, Boshart and the third partner, Ford. The taxpayer was thereby relieved from any further liability on the note. I do not consider this an abandonment of the asset in question. The transaction whereby he transferred his interest in the real estate to William H. Boshart was part of the settlement by which he was relieved of his obligation on the note.

The defendant may have ten (10) days to prepare findings of fact and conclusions of law in accordance with this opinion, and the plaintiff may have five (5) days thereafter to present his objections and suggested additions thereto.